**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALBERT SEDGES,<br>Plaintiff,<br>v.<br>MICHELLE SMITH, *et al.*,<br>Defendants. | Civil Action No. 26-8668 (MAS) (JTQ)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Albert Sedges's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis* (ECF No. 4). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

Plaintiff is a "pro se litigant managing active federal proceedings that require uninhibited, immediate access to official court records." (Compl. *2[1], ECF No. 1.) "On June 5 and June 7, 2026, Plaintiff filed formal, identical [Judicial Electronic Document Submission ('JEDS')] records requests . . . for November, December, and January certifications." (*Id.*) "Upon receiving these

---

[1] Page numbers preceded by an asterisk refer to the page number atop the ECF header.

filings, Defendant [Christopher] Mueller[ ('Mueller'), an employee of the Superior Court of New Jersey's records department,] intentionally abandoned his clerical duties and ceased all communication, acting as the first link in a coordinated chain of obstruction." (*Id.* at *1, *2.) Thereafter, Theresa Mahoney ("Mahoney"), "a supervisor within the Superior Courts Records Department[,]" "maintained deliberate silence for twelve consecutive days, effectively weaponizing an administrative bottleneck to freeze . . . Plaintiff's access to vital evidence." (*Id.*)

"On June 17, 2026, local staff engaged in a jurisdictional shell game, redirecting [Plaintiff's] filings to Defendant Michelle Smith [('Smith'), the Clerk of the Superior Court of New Jersey,] in Trenton to bury the requests within the state-level clerk's office." (*Id.*). "On June 23, 2026, . . . Smith issued a formal administrative denial, refusing to produce essential digital waiting-room logs and certification records." (*Id.* at *2.) "Appended to . . . Smith's denial was an internal court audit log confirming . . . Defendants'[2] bad faith[.]" (*Id.*) Specifically, the audit log showed that "the state court held a punitive hearing against . . . Plaintiff on February 2, 2026, for an alleged 'failure to appear,' yet the Judiciary's own database explicitly records: 'Notified: No'." (*Id.*) As a result, Plaintiff brings this action against Smith, Mahoney, and Mueller alleging one Count for "deprivation of the First and Fourteenth Amendment right of access to the courts (42 U.S.C. § 1983)." (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

[2] "Defendants" collectively refers to Mueller, Mahoney, and Smith.

§ 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[3], a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se*

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Plaintiff's Complaint asserts a single claim against Defendants for a deprivation of his "right to access to the courts" pursuant to 42 U.S.C. § 1983, and seeks: (1) "[p]ermanent injunctive relief compelling the immediate production of all requested JEDS records"; (2) "[c]ompensatory damages for the severe, systemic disruption to . . . Plaintiff's federal litigation"; and (3) "[p]unitive damages against each Defendant for their malicious, bad-faith obstruction of constitutional rights." (*Id.* at *2-3.)

Section 1983 permits a plaintiff to bring claims of constitutional violations by state officials to federal court. 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A] defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State. . . . Thus, . . . a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50 (citations omitted).

In order to state a claim for denial of access to the courts, a party must allege: "[(1)] a non-frivolous, underlying claim; [(2)] the official acts frustrating the litigation; and [(3)] a remedy that may be awarded as recompense but that is not otherwise available in a future suit." *Sharifi v. Township of East Windsor*, No. 21-18097, 2023 WL 2182003, at *8 (D.N.J. Feb. 23, 2023) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he first requirement mandate[s] that [the]

plaintiff specifically state in the complaint the underlying claim in accordance with the requirements of [Rule] 8(a) to the same degree as if the underlying claim was being pursued independently." *Id.* (citing *Christopher*, 536 U.S. at 417). "In this regard, the statement must be sufficiently specific to ensure that the district court can ascertain that the claim is not frivolous and that . . . 'the arguable nature of the underlying claim is more than hope.'" *Id.* (quoting *Christopher*, 536 U.S. at 417). "The second requirement is that [the] plaintiff clearly allege in the complaint the official acts that frustrated the underlying litigation." *Id.* (citing *Christopher*, 536 U.S. at 417). "Third, [the] plaintiff must specifically identify a remedy that may be awarded as recompense in a denial-of-access case that would not be available in any other future litigation." *Id.* (citing *Christopher*, 536 U.S. at 414).

Here, Plaintiff fails to adequately allege such a claim. Plaintiff only vaguely references his "active federal proceedings" (*id.* at *1) and generally alleges a "coordinated three-tier trap" involving Defendants (*id.*) where Plaintiff filed unspecified JEDS record requests and Defendants failed to produce such records and engaged in a "twelve-day freeze" (*id.* at *2). Plaintiff failed to provide any detail regarding the specific actions Defendants took or the nature of the underlying claims or litigation. (*See generally id.*) Without more, Plaintiff fails to state a claim for deprivation of his right of access to the courts. Plaintiff's Complaint is, accordingly, dismissed.

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's application to proceed *in forma pauperis* is granted and Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: August 26, 2026